**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1467**

_____

THE ESTATE OF TRINA L. CUNNINGHAM, Personal Representative Towanda Grant-Cunningham; TOWANDA GRANT-CUNNINGHAM; FAITH CUNNINGHAM; BROCK BIRDEN,

Plaintiffs – Appellants,

v.

MAYOR AND CITY COUNCIL OF BALTIMORE; BALTIMORE CITY DEPARTMENT OF PUBLIC WORKS; RUDY CHOW, Director, Individually and in official capacity; JASON W. MITCHELL, Director, Individually and in official capacity; MICHAEL HALLMEN, Individually and in official capacity; YOSEF KEBEDE, Bureau Head, Individually and in official capacity; MICHAEL GALLAGHER, Division Chief, Individually and in official capacity; NEAL JACKSON, Supervisor, Individually and in official capacity; CHARLES JOHNSON, Primary Area Supervisor, Individually and in official capacity; CHARLES MCFADDEN, Plant Operations Supervisor, Individually and in official capacity; LARRY FISCHER, Operation Manager, Individually and in official capacity; DAVID LAWLER, Maintenance Manager, Individually and in official capacity; GARY WAGNER, Plant Manager, Individually and in official capacity; GABRIELLE PLEASANT, Safety Enforcement Officer, Individually and in official capacity; RONALD BARTON, Assistant Maintenance Manager, Individually and in official capacity; DUANE MACK, Mechanical Maintenance Supervisor, Individually and in official capacity; ERIC JOHNSON, Area Supervisor, Individually and in official capacity; BARBARA ROGERS, Individually and in official capacity; WILLIAM JOHNSON, Individually and in official capacity; JOHNNIE HEMPHILL, Chief of Staff, Individually and in official capacity; BETHEL HENRY, Chief Administrative Officer, Individually and in official capacity; FREELAND HOIST & CRANE, INC.; CRANE 1 SERVICES, INC.; OVERHEAD CRANE SERVICE INC.; OHIO GRATING, INC.; GANNETT FLEMING, INC.; POOLE & KENT CORPORATION; DOE DEFENDANTS 1 THROUGH 20, INCLUSIVE,

Defendants – Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:22-cv-00141-LKG)

---

Argued:  December 10, 2024                                    Decided:  February 6, 2025

---

Before GREGORY and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed and remanded by published opinion.  Judge Gregory wrote the opinion, in which Judge Harris and Judge Keenan joined.

---

**ARGUED:**  Roland Derrick Brooks, ROLAND BROOKS & ASSOCIATES, LLC, Baltimore, Maryland; Randy Evan McDonald, LAW OFFICE OF RANDY EVAN MCDONALD, LLC, Washington, D.C., for Appellants.  Matthew Olen Bradford, BALTIMORE CITY LAW DEPARTMENT, Baltimore, Maryland; Victoria M. Shearer, ECCLESTON & WOLF, PC, Hanover, Maryland; Jonathan Conrad Shoemaker, LEE SHOEMAKER PLLC, Washington, D.C., for Appellees. **ON BRIEF:** Ebony M. Thompson, City Solicitor, Michael Redmond, Director, Appellate Practice Group, Thomas P.G. Webb, Chief Solicitor, BALTIMORE CITY LAW DEPARTMENT, Baltimore, Maryland, for Appellees Mayor and City Council of Baltimore, Department of Public Works, Jason W. Mitchell, Michael Hallmen, Michael Gallagher, Neal Jackson, and Yosef Kebede. Paul Finamore, Kambon Raymond Williams, PESSIN KATZ LAW, P.A., Towson, Maryland, for Appellee Ohio Gratings, Inc.  Daniel M. Eggleston, LEE SHOEMAKER PLLC, Washington, D.C., for Appellee Gannett Fleming Civil Engineering, Incorporated. Stephen S. McClosky, Matthew J. McClosky, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellee The Poole & Kent Corporation.  John A. Rego, CIPRIANI & WERNER, PC, Greenbelt, Maryland, for Appellee Crane 1 Services, Inc.

---

2

GREGORY, Circuit Judge:

Trina Cunningham was an employee of the Baltimore Department of Public Works responsible for monitoring water flow at the Patapsco Wastewater Treatment Plant ("PWWTP"). The complaint alleges that, on June 3, 2019, Cunningham was inspecting PWWTP's "Grit Facility," which includes six aerated, eighteen-foot-deep chambers of wastewater where large debris is removed from the water using overhead cranes. Metal, grated catwalks crossed these chambers, allowing PWWTP workers to monitor water flow from above. While Cunningham was walking on one of these catwalks, it collapsed under her feet. She plunged into the chamber below, eventually drowning in the sewage. Her estate and several family members ("Plaintiffs") brought an action against several defendants allegedly responsible for Cunningham's death.[1]

All but two of the defendants moved to dismiss the claims against them. The district court granted these motions and dismissed the entire complaint, even though two defendants—and the respective claims against them—remained pending. Because the district court failed to resolve all claims as to all defendants, the order of dismissal was not an appealable final order. As such, we dismiss this appeal for lack of jurisdiction and remand to the district court to adjudicate the remaining claims.

---

[1] Plaintiff Towanda Grant-Cunningham is the wife of Trina Cunningham and the personal representative of The Estate of Trina Cunningham. J.A. 252. Plaintiff Faith Cunningham is the mother of Trina Cunningham. *Id.* Plaintiff Brock Birden is the son of Trina Cunningham. *Id.*

3

I.

Plaintiffs sued several groups of defendants.[2]  Of relevance here are three crane servicers and the respective counts against them.  Overhead Crane Services (Count VII), Crane 1 services (Count VIII), and Freeland Hoist and Crane (Count IX) are all crane distributors and servicers that were allegedly responsible for inspecting and certifying the safety of the cranes in use at the Grit Facility across various time periods.  J.A. 262.  All three servicers were also included in Counts XIII–XV.  J.A. 308–11.  According to a report from Maryland Occupational Safety and Health,[3] the last crane inspections took place in 2018, but all records maintained by the inspection company had been lost due to a computer crash.  J.A. 403.  Plaintiffs asserted that these crane servicers had negligently certified the cranes as safe when they were not, specifically because the cranes could only come to a complete stop after five additional feet of movement from when the operator halted them.  J.A. 304–06.

---

[2] Against defendants of the City of Baltimore ("City Defendants"), they brought: a state-created danger claim under the 14th Amendment of the United States Constitution and the Maryland Declaration of Rights (Count I); a *Monell* claim alleging that the City Defendants failed to properly train the City's Department of Public Works ("DPW") employees (Count II); a *Monell* claim alleging that the City Defendants maintain customs, policies and practices that "encourage DPW employees to fail to adequately and properly use and maintain" the Plant (Count III); and negligence, survival, wrongful death, and loss of consortium claims under Maryland common law (Counts V, XIII-XV).  *See* J.A. 290–99, 301–02, 307–11.  Plaintiffs also brought claims against several corporate defendants, including claims for negligence, strict products liability, survival action, wrongful death, and loss of consortium against Ohio Gratings, Overhead Crane Service, Crane 1 Services, Freeland Hoist & Crane, Gannett Fleming, and Poole & Kent (Counts IV, VI–XI; XII-XV).  *See* J.A. 300–311.

[3] Plaintiffs attached this several-hundred-page report to the complaint.  See J.A. 335–880.

Of the crane servicers, only Freeland Hoist moved to dismiss the claims against it, arguing that the amended complaint stated that Freeland was responsible for inspecting the cranes only "prior to 2018" and did not plausibly link any of Freeland's actions to Cunningham's death.  J.A. 305, 314.

The district court granted Freeland Hoist's motion, along with the motions to dismiss filed by the other non-crane-servicer defendants.  With respect to Freeland Hoist, the district court found that "there are no facts in the amended complaint to show that Freeland Hoist had a responsibility for the safety of the catwalks at the Grit Facility . . . . In fact, while Plaintiffs allege that Freeland Hoist 'contracted with the City prior to 2018 to inspect the cranes inside of the Grit Facility,' the amended complaint lacks facts to show how these inspections relate to the death of Ms. Cunningham."  J.A. 329–330.  The district court held the same for Plaintiffs' survival action, wrongful death, and loss of consortium claims against Freeland Hoist, which the court found were "based upon an alleged duty to use reasonable care to provide Ms. Cunningham with a safe work environment."  J.A. 330.

The Court never discussed Crane 1 Services or Overhead Crane Services but dismissed the claims against these defendants when dismissing the entire complaint.  J.A. 332.  Plaintiffs appealed from the district court's order of dismissal.

## II.

"We have an independent obligation to ensure that we possess appellate jurisdiction."  *B.P.J. by Jackson v. W. Va. State Bd. of Educ.*, 98 F.4th 542, 552 (4th Cir. 2024), *cert. denied sub nom. WV Secondary Sch. Activities v. B. P. J.*, No. 24-44, 2024 WL

5

4805904 (U.S. Nov. 18, 2024). Because the district court's order does not constitute a "final decision," this Court lacks jurisdiction.

This Court has "jurisdiction of appeals from all *final decisions* of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). "Ordinarily, a district court order is not 'final' until it has resolved *all* claims as to *all* parties." *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000) (emphases added); *see also Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022). This is true "[r]egardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (citations omitted).

This Court frequently confronts district court decisions, like the one before us, that fail to explicitly engage with all claims as to all parties. However, some cases in which district courts fail to address all claims or parties still present reviewable final orders. In determining whether such an order is final, we "look to substance [of the underlying decision], not form." *Id.* Among key factors that make an order final—and, thus, within our jurisdiction for appellate review—are whether the district "order display[ed] an awareness of the [missing] claim," used "language encompassing" that claim, or "addressed the central component" of the claim. *Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021). When a district court has done the above, the district court's order is "final." *Id.*

However, when a district court issues an order "without ruling on or seeming to recognize" a claim or failing to discuss a "central component of [that missing] claim," we are deprived of jurisdiction. *Porter*, 803 F.3d at 698–99. This is true "[r]egardless of the label given a district court decision." *Id.* at 696. This is not a hard and fast rule; rather, this

Court maintains a flexible approach in furtherance of the "Supreme Court's tradition of giving the finality rule a practical rather than technical construction." *Hixson*, 1 F.4th at 302.

The district court here failed to indicate that it considered and rejected the claims against Crane 1 Services or Overhead Crane Services, neither of which filed a motion to dismiss. Nowhere in the district court's order are those defendants even mentioned, such that the district court did not display any awareness of their existence. *See, e.g.*, J.A. 313 (listing the claims and defendants in the case but not including Crane 1 nor Overhead Crane). Nor does the reasoning used by the district court demonstrate that it meant to dismiss the counts against all three crane servicers on the same basis as it did Freeland Hoist. For example, the court dismissed Freeland Hoist after finding liability implausible where its contract with the City ended years prior to the accident. This logic does not necessarily transfer to a crane servicer allegedly responsible for ensuring crane safety shortly before and at the time of Cunningham's death because timing is a "central component" of whether the claims against Crane 1 Services and Overhead Crane Services are plausible. The district court's failure to recognize this issue—let alone address it in any respect—weighs against a finding that this is a final order. Without an indication that the district court intended to dismiss the counts against Crane 1 Services and Overhead Crane Services, we are constrained to find that the underlying dismissal is not a final order.

## III.

Because we find that the order of dismissal was not an appealable final order, we lack jurisdiction. We remand for consideration of the claims against Crane 1 Services and

7

8

Overhead Crane Services and express no opinion regarding the merits of any of Plaintiffs' claims.

*DISMISSED AND REMANDED*